

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

?ALD C. MANN
TORNEY GENERAL

*overruled by*
*S-125*

Hon. Thomas A. Wheat
County Attorney
Liberty County
Liberty, Texas

Dear Sir:

Opinion No. 0-1279
Re: May the county reimburse the
county attorney who is compen-
sated on the salary basis for
expenses incurred while inves-
tigating criminal felony cases?

Your request for an opinion on the above stated
question has been received by this office.

Section (b) of Article 3899, R. C. S. as amend-
ed reads in part as follows:

"Each officer named in this Act, where
he receives a salary as compensation for his
services, shall be empowered and permitted
to purchase and have charged to his county
all reasonable expenses necessary in the
proper and legal conduct of his office, pre-
miums on officials' bonds, premium on fire,
burglary, theft, robbery insurance protect-
ing public funds and including the cost of
surety bonds for his deputies, such expenses
to be passed on, pre-determined and allowed
in kind and amounts, as nearly as possible,
by the commissioners' court once each month
for the ensuing month, upon the application
of each officer, stating the kind, probable
amount of expenditure and the necessity for
the expenses of his office for such ensuing
month, which application shall, before pre-
sentation to said court, first be endorsed by

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

the county auditor, if any, otherwise the
county treasurer, only as to whether funds
are available for payment of such expenses.
The commissioners' court of the county of
the sheriff's residence may, upon the written
and sworn application of the sheriff stating
the necessity therefor purchase equipment
for a bureau of criminal identification, such
as cameras, finger print cards, inks, chemi-
cals, microscopes, radio and laboratory equip-
ment, filing cards, filing cabinets, tear gas
and other equipment in keeping with the system
in use by the Department of Public Safety of
this State, or the United States Department
of Justice and/or Bureau of Criminal Identifi-
cation.

"Such purchases shall be made by each
officer, when allowed, only by requisition
in manner provided by the county auditor, if
any, otherwise by the commissioners' court.
Each officer shall, at the close of each month
of his tenure of office, make an itemized and
sworn report of all approved expenses incurred
by him and charged to his county, accompanying
such report with invoices covering such pur-
chases and requisitions issued by him in sup-
port of such report. If such expenses be in-
curred in connection with any particular case,
such report shall name such case. Such report,
invoices and requisitions shall be subject to
the audit of the county auditor, if any, other-
wise by the commissioners' court, and if it
appears that any item was not incurred by such
officer, or that such item was not a necessary
or legal expense of such office, or purchased
upon proper requisition, such item shall be by
said county auditor or court rejected, in which
case the payment of such item may be adjudicated
in any court of competent jurisdiction. All
such approved claims and accounts shall be paid
from the Officers' Salary Fund unless otherwise
provided herein...."

Article 26 of the Code of Criminal Procedure reads as follows:

"The county attorneys shall attend the terms of all courts in his county below the grade of district court, and shall represent the State in all criminal cases under examination or prosecution in said county; and in the absence of the district attorney he shall represent the State alone, or when requested, shall aid the district attorney in the prosecution of any case in behalf of the State in the district court, and in such cases he shall receive all or one-half of the fees allowed by law to district attorneys, according as he acted alone or jointly. In such cases he shall receive all or one-half of the fees allowed by law to the district attorney whose duties he performs, or assists in performing, but shall receive no part of the constitutional salary allowed to such district attorney, according as he acted alone or jointly; provided that fees collected by the county attorney from the state for such services shall be deducted by the Comptroller of Public Accounts from the fees which otherwise would have been paid to the district attorney had he represented the State alone; provided further this article shall not be construed as inhibiting any county attorney from voluntarily, with the consent of the district attorney, assisting the district attorney in the performance of his respective duties, without compensation."

Article 5, Section 21 of the State Constitution reads, in part, as follows:

"....The county attorneys shall represent

the State in all cases in the district and
inferior courts in their respective counties;
but if any county shall be included in a dis-
trict in which there shall be a district attor-
ney, the respective duties of district attor-
neys and county attorneys shall in such coun-
ties be regulated by the Legislature. The
Legislature may provide for the election of
district attorneys in such districts, as may
be deemed necessary, and make provisions for
the compensation of district attorneys, and
county attorneys; provided, district attorneys
shall receive an annual salary of five hundred
dollars, to be paid by the State, and such
fees, commissions and perquisites as may be
provided by law. County attorneys shall re-
ceive as compensation only such fees, commissions
and perquisites as may be prescribed by law."

We are informed by the Comptroller's office that
Liberty County is in the seventy-fifth judicial district
which is composed of four counties, and that such judicial
district has a duly elected, qualified and acting district
attorney.

In the case of Voges vs. Sheppard, 67 SW 2nd 856,
it was held that the county attorney in judicial districts
composed of two or more counties was not entitled to fees
for assisting district attorney and obtaining final convic-
tion for felonies in district court, nor for representing
state, during district attorney's absence, in habeas corpus
proceedings.

Article 25, Code of Criminal Procedure, reads as
follows:

"Each district attorney shall represent
the State in all criminal cases in the dis-
trict courts of his district, except in cases
where he has been, before his election, em-
ployed adversely. When any criminal proceed-
ing is had before an examining court in his
district or before a judge upon habeas corpus,

and he is notified of the same, and is at the
time within the county where such proceeding is
had, he shall represent the State therein, un-
less prevented by other official duties."

We quote from the case of Voges vs. Sheppard,
supra, as follows:

"It is at once apparent that a purpose
of Article 1025 was to respond to the call
of Article 26 for compensation to the county
attorney for the services prescribed by the
latter statute as a subject for compensation.
There is little doubt that in naming that
officer, along with the district attorney,
as a beneficiary of the fees prescribed in
Article 1025, the Legislature had in immediate
contemplation the provisions of the other ar-
ticle regarding the compensation of the county
attorney in felony trials, and which, in ex-
press terms, limit such compensation to 'fees
allowed by law to district attorneys.' It is
thus seen that the right of the relator to fees
in cases of felony conviction, as prescribed
in Article 1025, depends on whether such fees
are allowed to the district attorney of the
district which embraces Wilson county. That
said district attorney is not allowed said
fees is plainly disclosed by the provisions
of Article 1021; for the last-named article
provides, in substance, that a district attor-
ney, in a district composed of two or more
counties, shall receive a per diem compensa-
tion, depending upon his attendance upon the
session of the court in the necessary performance
of his official duty.....

"In regard to compensation for the county
attorney in habeas corpus cases, the situation
is materially the same as the other. Except Arti-
cle 1025, there is no statute which provides com-
pensation for that officer in a habeas corpus

case involving a felony, and, as we have
seen, the statute mentioned relates exclusive-
ly to services for which the district attor-
ney, if he, instead of the county attorney,
performed them, would be entitled to receive
the fees there provided."

On June 17th and 22, 1936, this department held
in opinions written by Hon. Joe J. Alsup, Assistant Attor-
ney General, addressed to L. O. Orsborn, County Attorney,
Canton, Texas, that a county attorney who was compensated
on an annual salary basis could not claim traveling expense
as a legal expense of such office.

We quote from Texas Jurisprudence, Vol. 34, page
544 as follows:

"The officer is entitled to credit for
actual and necessary expenses incurred in the
conduct of his office. The clause 'other
necessary expenses' means other expenses
similar to those expressly specified; it does
not include money expended for the services
of an assistant, though such services are
necessary to enable the officer the better
to discharge his duties;...."

Also see the cases of Harris County vs. Hammond,
203 SW 445; Cameron County vs. Fox, 42 SW 2nd 655, Casey
vs. State, 289 SW 428.

In view of the foregoing authorities you are
respectfully advised that it is the opinion of this depart-
ment that the county acting through its commissioners' court
would not have the authority to reimburse the county attor-
ney who is compensated on an annual salary basis for expenses
incurred while investigating criminal felony cases.

Trusting that the foregoing fully answers your
inquiry, we remain

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Ardell Williams

Ardell Williams
Assistant

AW:AW

APPROVED
OPINION
COMMITTEE
BY BWB.
CHAIRMAN

APPROVED AUG 31, 1939

ATTORNEY GENERAL OF TEXAS